

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 1958 | DATE | 1/12/2004 |
| CASE TITLE | United States of America vs. Ruben D. Hughes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due ___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner's Petition under 28:2255 to Vacate, Set Aside, or Correct Sentence is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JAN 1 3 2004 | | |
| | Notified counsel by telephone. | | date docketed | | 9 |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT **FILED**
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
JAN 1 2 2004


JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUBEN D. HUGHES,

    Defendant.

Case No. 03 C 1958

Hon. Harry D. Leinenweber

DOCKETED
JAN 1 3 2004

## MEMORANDUM OPINION AND ORDER

Petitioner Reuben Hughes ("Hughes"), pro se, petitions the Court under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. For the following reasons, his petition is denied.

### I. CASE HISTORY

In June 1998, Hughes was convicted on five counts of trafficking cocaine and cocaine base, and one count of illegal firearms possession. Following an evidentiary hearing concerning the amount of cocaine base processed by Hughes' organization, the Court sentenced him to life imprisonment on each of the five drug trafficking charges (Counts One through Five). The Court also sentenced Hughes to 10 years on the firearms violation (Count Six).

On appeal, the Seventh Circuit affirmed Hughes' conviction and sentence. Hughes petitioned the United States Supreme Court for a Writ of Certiorari. On November 6, 2000, the Supreme Court granted his petition and remanded to the Seventh Circuit "for further

consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)." *Hughes v. United States*, 531 U.S. 975 (2000).

In February 2001, the Seventh Circuit affirmed Hughes' conviction and sentence on all Counts except Counts Three and Four, and remanded to this Court for re-sentencing. As Hughes still faced life sentences stemming from Counts One, Two, and Five, the government moved to dismiss Counts Three and Four, and this Court granted the government's motion. On June 14, 2001, the Seventh Circuit dismissed Hughes' appeal for lack of jurisdiction. On March 18, 2002, the Supreme Court denied Hughes' petition for Writ of *Certiorari*.

On March 18, 2003, Hughes filed his § 2225 petition. On June 27, 2003, Hughes filed for permission to amend his petition, and the Court granted his request.

Hughes' amended petition asserts eight claims which Hughes believes entitles him to relief under § 2255: 1) the government relied on false testimony by witness Joseph Nixon ("Nixon"); 2) Hughes' trial counsel proved constitutionally ineffective in his handling of the allegedly false testimony; 3) Hughes' trial counsel proved constitutionally ineffective by not raising the issue of the allegedly false testimony in a post-trial motion; 4) Hughes' appellate counsel provided ineffective assistance of counsel by not raising trial counsel's ineffectiveness; 5) the Court erred by using the preponderance of the evidence standard to determine

Hughes' drug quantities, in violation of the *Apprendi* rule; 6) Hughes' appellate counsel proved constitutionally ineffective in failing to raise *Apprendi* upon direct appeal; 7) the Court erred by not conducting a 21 U.S.C. § 851(b) colloquy prior to enhancing sentence and 8) trial counsel proved ineffective by not objecting to the defective § 851 inquiry.

## II. DISCUSSION

### A. Joseph Nixon's allegedly false testimony

To obtain *habeas corpus* relief based on perjured testimony, a petitioner must show: 1) that the prosecution presented perjured testimony, (2) that the prosecution knew or should have known of the perjury, and (3) that some likelihood exists that the false testimony impacted the jury's verdict. *Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002). The Court "does not employ the term of perjury in its technical, legal sense in these types of cases." *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001). Rather, it is "enough that the jury was likely to understand the witness to have said something that was, as the prosecution knew, false." *Id.* (internal citations omitted). However, "mere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony." *Id.* (internal citations omitted).

Hughes cites two instances in which he claims the prosecution knowingly and willfully used false testimony by witness Nixon. First, Hughes points out that Nixon initially testified that a

singular transaction occurred in late 1993, but later stated that it happened in October 1994. Since a specific transaction can occur only once, Hughes contends that Nixon's testimony regarding one of these dates must be false. Second, Hughes argues that Nixon falsely testified that he chose to testify only because Hughes signed a statement implicating him. As both Hughes and the government acknowledge, no such statement exists. Ergo, Hughes notes that Nixon's testimony concerning this alleged statement must also be false.

Given the above evidence, Hughes fails even the first part of this test. While it is true that Nixon may have incorrectly recounted the details of specific events, it is not true that "the jury was likely to understand the witness to have said something that was . . . false." After all, the prosecution did not hide the minor inconsistencies within Nixon's testimony. It was the prosecution that elicited Nixon's inconsistent testimony regarding the transaction that occurred in either 1993 or 1994 -- thereby placing both versions of the story before the jury. Similarly, Hughes' expansive discovery revealed that Hughes never signed a statement implicating Nixon -- and Hughes' counsel used the statement's nonexistence when attempting to impeach Nixon on cross-examination. Consequently, Hughes' claims concerning prosecutorial use of false testimony must therefore be denied.

Since Nixon's testimony did not reach a problematic level of falsity, neither Hughes' trial nor appeal counsel can be faulted in their handling of this testimony. Accordingly, Hughes' ineffective assistance of counsel claims concerning this allegedly false testimony also fail.

### B. Apprendi

Upon remand from the Supreme Court, the Seventh Circuit conducted an *Apprendi*-based review of Hughes' sentence. With respect to Counts One, Two, and Five, the Seventh Circuit found that, although this Court committed clear error in sentencing Hughes, its error failed to prejudice the defendant. Conversely, the Seventh Circuit found reversible error concerning Hughes' sentence under Counts Three and Four, and remanded for re-sentencing (those counts were later dismissed).

Therefore, Hughes has now received every right *Apprendi* entitles him to. This renders moot Hughes' claim concerning this Court's use of the preponderance of the evidence standard in the original sentencing, and his claim that appellate counsel was ineffective by not raising *Apprendi*.

### C. The 21 U.S.C. § 851(b) colloquy

Hughes also challenges his sentence on the grounds that the Court failed adequately to engage in a 21 U.S.C. § 851(b) colloquy. Additionally, Hughes insists that his lawyer's supposed failure to object to this inadequate colloquy constitutes ineffective

assistance of counsel. Section 851(b) requires that the prosecuting United States attorney and the Court comply with certain procedures prior to enhancing a defendant's sentence due to previous convictions. Specifically, the statute demands that, "If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b).

Here, Hughes alleges two infractions that he feels warrants a re-sentencing. First, he claims that the Court failed to inquire as to whether he affirmed or denied his previous listed convictions. However, as the transcript amply demonstrates, the Court did engage in such an inquiry. In fact, during this questioning, Hughes claimed that he failed to remember two of the listed convictions, though he did not specifically dispute their existence. (Tr. 1/13/99 p.m., pg. 24-26.) Thus, the Court finds that it complied with this requirement.

Second, Hughes argues that the Court failed to inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the

sentence. Since Hughes has not attacked *any* of his previous convictions, the Court finds this claim moot.

As the Court rejects petitioner's claims concerning the § 851(b) colloquy, it similarly denies petitioner's claim for ineffective assistance of counsel regarding the colloquy.

### CONCLUSION

For the reasons stated herein, Petitioner's Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is denied.

**IT IS SO ORDERED.**

```
                                    _____
                                    Harry D. Leinenweber, Judge
                                    United States District Court
```

Date: January 12, 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

United States of America          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 03 C 1958

Ruben D. Hughes

- ☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

- ■ Decision by Court. This action came before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Ruben D. Hughes' Petition to vacate, set aside, or correct sentence is denied.

Michael W. Dobbins, Clerk of Court

Date: 1/12/2004

Wanda Parker, Deputy Clerk